THE HONORABLE RONALD B. LEIGHTON

10-CV-05096-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HEIDI FAGAN,<br><br>                        Plaintiff,<br>Vs.<br><br>JR'S HIDEAWAY RESTAURANT, ROY WARD and DOES 1-10, inclusive,<br><br>                      Defendants. | NO. CV10-5096RBL<br><br>ORDER GRANTING SUMMARY JUDGMENT ON FEDERAL CLAIMS<br><br>[Dkt. #13] |

      THIS MATTER is before the Court on Defendants' Motion for Summary Judgment on Plaintiff's federal claims [Dkt. #13] and defendants' Motion for Summary Judgment on Plaintiff's state law claims [Dkt. #16].

      Plaintiff Heidi Fagan is a former employee of Defendant J.R.'s Hideaway[1] Restaurant. She claims she was terminated from that employment because of her age. She has sued J.R.'s Hideaway, LLC, and its owner, Roy Ward, alleging discrimination and retaliation in violation of the Age Discrimination in Employment Act (ADEA), and Title VII of the Civil Rights Act.

---

[1] Plaintiff's Complaint calls the restaurant "JR's Hideway." Defendant Ward, the owner, calls his company "J.R.'s Hideaway Restaurant." The court will use that apparently correct name, rather than the name in the caption. There does not appear to be any dispute about the identity of the entity named.

ORDER

She also alleges state law claims for retaliation under Chapter 49.60 RCW, negligent supervision and/or retention, malicious harassment, and outrage. [See Complaint, Dkt. #1].

Defendants' first Motion challenges the Court's jurisdiction over the case, arguing that Plaintiff's Title VII claim is fatally defective because it was never presented to the EEOC, and that the ADEA claim fails as a matter of law because J.R.'s Hideaway was not an "employer" under the ADEA. Defendants also argue that Plaintiff's federal claims against the individual defendant, Roy Ward, fail as a matter of law because there is no individual liability under either Title VII or the ADEA. Defendants further argue that, absent a viable federal claim, the Plaintiff's state law claims must also be dismissed.

Plaintiff has not responded to Defendants' Motion on her Title VII claims, and the record does not reflect that that claim was ever pursued administratively through the EEOC. The Defendants' Motion on the Title VII claims is therefore GRANTED and those claims are DISMISSED with Prejudice.

Remaining, then is the Defendants' assertion that J.R.'s Hideaway was not an "employer" under the ADEA during the relevant times, because it did not have 20 employees in any 20 calendar weeks during 2007 and 2008. For the reasons that follow, Plaintiff cannot establish this requirement of its ADEA claim as a matter of law, and the Defendants' Motion is GRANTED.

**Factual Summary.**

The factual allegations relevant to this claim are not complicated. Plaintiff Heidi Fagan was employed at what was then known as Hank's since sometime prior to 2007. In

ORDER

May, 2007, Defendant Roy Ward and Joe Gagnon[2], through their LLC, Defendant J.R.'s Hideaway, purchased the restaurant and renamed it "J.R.'s Hideaway."

The new business began operation in June 2007. Many of the former employees were re-hired[3], including Plaintiff Fagan, who was the Assistant to the General Manager, and then, two weeks later, the General Manager. This promotion was made by Ward and Gagnon. Fagan went on vacation for ten days in November 2007. When she returned, Gagnon had taken over many of her management duties, and her hours were reduced. Defendants claim that they were losing money in 2007, and had told Plaintiff her hours and compensation were too high.

Plaintiff claims that she continued as a bartender, at greatly reduced hours, and that Ward told her he was sick of seeing her name all over the schedule and that the owners wanted young fresh faces behind the bar and "not old people like her," to attract a "biker" crowd. Plaintiff was terminated on January 6, 2008. Plaintiff was 44 years old at that time. She claims she later heard that her termination was the result of her being "too old and fat."

Plaintiff contacted an attorney almost immediately, and filed an administrative claim under the ADEA (but not Title VII) with the EEOC. She received a "probable cause" finding from the EEOC on December 22, 2009, and a right to sue letter on January 28, 2010. This suit was filed on February 10, 2010.

**Summary Judgment Standard.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude

---

[2] Gagnon is not a party, and at the time this suit was filed, had sold his interest in the LLC to Ward.

[3] Plaintiff contends that all employees were "brought over" without an interview or application process. If this is different than "re-hired," it has no impact on the issue presented in this Motion.

ORDER

summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

**Jurisdictional requirement under ADEA.**

The ADEA applies only to "employers," which are defined as those entities employing "20 or more employees for each working day in each of 20 or more calendar weeks in the current calendar year or the preceding year." 29 U.S.C. §630(b). Citing *Rogers v. Sugar Tree Products, Inc.*, 7 F.3d 577 (7th Cir. 1993), Defendants argue that absent "employer" status, the court does not have subject matter jurisdiction[4] over Plaintiff's ADEA claims.

Plaintiff was employed in 2007 and terminated in 2008, and the issue is therefore whether she can demonstrate that the Defendants had the requisite number of employees for the required number of weeks during 2007 or 2008.

---

[4] *Rogers* has since been abrogated. *See*, for example, *Papa v. Katy Industries*, 166 F.3d 937 (7th Cir. 1999); *Newsom-Lang v. Warren Int'l*, 129 F.Supp.2d 662, 664 (S.D. N.Y 2001) (The employee census threshold is not jurisdictional, but is "rather a ground for defeating her federal claim on the merits.") Because this Motion is brought under Rule 56, and not Rule 12(b)(1), Defendants are seeking to defeat the Plaintiff's federal claim on the merits. The Plaintiff retains the burden of establishing that the ADEA applies to the Defendants.

ORDER

Defendants provide evidence in the form of declarations and a chart listing the restaurant's employees in 2007 and 2008. They argue that this evidence demonstrates that they never had more than 20 employees in any calendar week, much less in the required 20 calendar weeks, during either of the two relevant years. [*See* Ward Dec, Dkt. #14 and Ex. A].

In her effort to meet her burden of providing admissible evidence creating a genuine issue of material fact about whether the threshold was met, Plaintiff claims the only way Defendants can escape "employer" status is to "cook the books." Plaintiff claims that Defendant has (1) reclassified some employees to be independent contractors; (2) filed to list some employees on the payroll book; (3) failed to count employees in the partial weeks in which they were either hired or fired; and (4) under counted some employees' employment periods. She claims Plaintiff claims that all four of these categories of "ignored workers" create a genuine issue of material fact as to the Defendants' status as an "employer" under the ADEA, because the Defendants suppressed the number of employees to avoid payroll and employee taxes. [*See* Response, Dkt. # 17, Decs of GRANT and Fagan, Dkt #s 18 and 19].

As an initial matter, it is apparent from the ADEA that Defendants' calculations of employees during either their first or last week (when they were hired or terminated mid-week) is correct. *Walters v. Metropolitan Education Ctr.*, 519 U.S. 202, 209 (1997).

Secondly, if and to the extent Plaintiff's declaration is inconsistent with her prior deposition testimony, it is not sufficient to create a factual question to avoid summary judgment. *See Burell v. Star Nursery, Inc.*, 170 F.3d 951, 954 (9th Cir. 1999). In her deposition, Plaintiff listed only Vernette Fine and Donna Edge as missing from Defendants' employee list. She conceded that she had no information or recollection about particular

ORDER

employees' employment dates. Any contrary testimony is not sufficient to avoid summary judgment.

As to specific employees, plaintiff claims first that Vernette Fine was an employee. Defendants claim that Fine ran a karaoke show on the weekends, as she did at other local bars, and that she was not an employee but a contractor. There is no proof in the record that Fine was an employee at any time, much less that her presence on the employee roster or census changes Defendants' status as an "employer" under the ADEA.

Plaintiff similarly claims that Donna Edge was an employee and should have been counted as such. The proof of this is the fact that Ms. Edge communicated with the EEOC in 2009 as Defendants' representative. [See Grant Dec, Dkt. #18, at Exs 5-8.] This does not provide any evidence that Edge was an employee during 2007 or 2008. There is no other proof of this allegation.

Plaintiff appears to claim that Robin Thinner should have been counted as well, but does not provide any evidence to rebut defendants' proof that she was not even hired until March of 2009. Plaintiff next contends that a "Becca Shraeder" shows up in the (hearsay) EEOC notes, and that that person must be counted. Defendants explain that that person is likely Rebecca Jones, who worked from July 2007 to February 2008 – and who is reflected on the Defendants' employee census. There is no basis for counting this person again.

Finally, Plaintiff seeks to count two part time high school students, Kelsey Gagnon and "Anna LNU". Defendants claim no knowledge of the latter, except to surmise that she was Anna Stacy, who was shown on their charts. There is no evidence of a failure to properly count this employee. Defendants claim that Gagnon (the former owner's daughter) was

sporadically paid for part time work, but argue that even if she was counted, the total is not 20 employees for 20 weeks in either 2007 or 2008.

Plaintiff has the burden of establishing that J.R.'s Hideaway was an "employer" under the ADEA. She has not provided admissible evidence from which a fact finder could conclude that the Defendants had 20 employees for 20 calendar weeks in either of the two calendar years at issue.

Defendants' Motion for Summary Judgment [Dkt. #13] on Plaintiff's ADEA and TITLE VII claims is GRANTED, and Plaintiff's ADEA and Title VII claims are dismissed WITH PREJUDICE.

Defendants argue that there is no jurisdiction over the Plaintiff's remaining claims. The court disagrees, as discussed above. It could assert supplemental jurisdiction over those claims under 28 U.S.C. §1367. However, the Court declines to assert such jurisdiction. *See Fichman v. Media Center*, 512 F.3d 1157, 1162-63 (9th Cir. 2008)(Having granted judgment on the federal claims, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the state claims. 28 U.S.C. § 1367(c)(3); *Harrell v. 20th Century Ins.Co.*, 934 F.2d 203, 205–06 (9th Cir.1991)).

The Plaintiff's state law claims are dismissed WITHOUT PREJUDICE. Defendants' Motion for Summary Judgment [Dkt. #16] on those claims is DENIED as moot.

This matter is hereby DISMISSED.

Dated this ___ day of March, 2011

_____
UNITED STATES DISTRICT JUDGE
for Ronald B. Leighton

ORDER